**Lusine AVETISYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 02–73489.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided April 28, 2006.

Audra R. Behne, Esq., Sherman Oaks, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Mark C. Walters, Esq., Cindy S. Ferrier, Esq., Michelle G. Latour, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRIGHT,* PREGERSON, and MCKEOWN, Circuit Judges.

### MEMORANDUM **

Lusine Avetisyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeal's ("BIA") order affirming the denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a), and we grant the petition.

Because the BIA affirmed the immigration judge ("IJ") without opinion, we re-view the IJ's decision. *See Ndom v. Ashcroft,* 384 F.3d 743, 750 (9th Cir.2004). We review the IJ's findings for substantial evidence. *See Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir.2004); *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002).

■ The evidence compels the conclusion that Avetisyan is credible. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The adverse credibility finding is not supported by the fact that Avetisyan's testimony before the IJ was more detailed than her asylum application. *See Lopez–Reyes v. INS,* 79 F.3d 908, 911 (9th Cir.1996). Similarly, the IJ cannot base the adverse credibility finding on Avetisyan's failure to provide additional documentary evidence in support of her testimony. *See Gui,* 280 F.3d at 1227 (finding that where "a petitioner provides some corroborative evidence to strengthen his case, his failure to produce still more supporting evidence should not be held against him").

■ An IJ's findings cannot be based on conjecture or speculation. *See Ge v. Ashcroft,* 367 F.3d 1121, 1124 (9th Cir.2004). Here, the IJ found it doubtful that Avetisyan, while being held at knife point and threatened by three military officers, would black out and would remain unconscious while she was raped. This finding is not only speculative, but it defies reason. The IJ also speculated about how many sources a "responsible" journalist would interview before going public with a story, or whether Avetisyan would be able to secure a meeting with the head of the Finance Department on demand. The IJ's "bare subjective opinion" on these issues is not sufficient for an adverse credibility finding. *Lin v. Gonzales,* 434 F.3d 1158, 1162 (9th Cir.2006).

---

\* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Some of the IJ's findings are not supported by the record. Contrary to the IJ's suggestion, Avetisyan never claimed to be the "major producer" of the television program. Moreover, Avetisyan's role in the production was sufficient to make her a target of the military's wrath. An adverse credibility finding cannot be based on a misconstrual of the facts.

The IJ found that Avetisyan's testimony was not consistent with the State Department's Report on Armenia. We again disagree. The State Department's Report shows that the government's human rights record is poor, that the government rarely investigates abuses by security forces and that to avoid retribution, most journalists practice self-censorship. The Report also reflects that there is retaliation against some journalists who do not self-censor. We thus are compelled to find that no inconsistency exists between Avetisyan's testimony and the State Department report.

■ Finally, the IJ improperly speculated that Avetisyan would not appear in two different official photographs wearing the same shirt. The IJ did not confirm her hypothesis that the press credential was fraudulent by submitting the document for forensic investigation or other confirmation. *See Kumar v. Gonzales,* 435 F.3d 1019, 1025 (9th Cir.2006). Moreover, the press credential corroborated a fact not in dispute, and therefore, the veracity of the document is incidental to Avetisyan's claim. *Cf. Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 911 (9th Cir.2004).

Taken as a whole, the record compels the conclusion that Avetisyan provided an overall consistent and detailed account of her life in Armenia, and that the IJ's credibility finding is not supported by substantial evidence. We therefore reverse the IJ's finding as to credibility, and proceed to the IJ's second finding: that even if Avetisyan had testified credibly, she has not shown past persecution or a presumption of future persecution.

■ Taking Avetisyan's testimony as credible, she suffered abuses that rose to the level of persecution. *See Chand v. INS,* 222 F.3d 1066, 1073 (9th Cir.2000). She was threatened on two occasions, she was beaten once, and she was held at knife point and raped on another occasion. Such abuses, especially when considered cumulatively, rise to the level of persecution. *See Mamouzian v. Ashcroft,* 390 F.3d 1129, 1134 (9th Cir.2004); *Lopez–Galarza v. INS,* 99 F.3d 954, 959 (9th Cir.1996); *Maini v. INS,* 212 F.3d 1167, 1171–72, 1174 (9th Cir.2000).

It is equally clear that Avetisyan was abused "by the government." *Chand,* 222 F.3d at 1073. The above abuses were carried out by a police officer, the principal of a government-owned school, and military officials, and each are agents of the government. *See Boer–Sedano v. Gonzales,* 418 F.3d 1082, 1088 (9th Cir.2005) (basing a finding of persecution on actions by a police officer); *Navas v. INS,* 217 F.3d 646, 652–53, 656 (9th Cir.2000) (basing a finding of persecution on actions by the military).

Finally, we conclude that Avetisyan was persecuted on account of her political opinion. *Chand,* 222 F.3d at 1073. "[R]efusal to accede to government corruption can constitute a political opinion for purposes of refugee status." *Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000). Avetisyan's journalism was directed "toward a governing institution, [not] only against individuals whose corruption was aberrational." *Id.; see also Hasan v. Ashcroft,* 380 F.3d 1114, 1120–21 (9th Cir.2004) (holding that persecution was on account of political opinion, not personal vendetta, where journalist's article was directed at the "systemic nature" of a government official's crimes). The record compels the conclu-

sion that Avetisyan was persecuted on account of her political opinion.

We remand Avetisyan's application for asylum to the BIA, with instructions to remand to the IJ. The IJ should determine, in the first instance, whether the government can rebut the presumption of future persecution and whether Avetisyan merits asylum in the exercise of discretion. We also remand Avetisyan's application for withholding of removal. *See Boer–Sedano*, 418 F.3d at 1092. We decline to consider Avetisyan's due process claims, because Avetisyan failed to present these claim to the BIA. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir.2001).

The petition is GRANTED. This panel retains jurisdiction over any further proceedings involving Avetisyan's claim.